UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | Case No. 13-20265 |
| v. | ) | |
| | ) | |
| ASHLEY NICOLE RICHARDS & | ) | |
| BRENT JUSTICE | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

**MOTION TO SUPPLEMENT RECORD**

Appellant, the United States of America, hereby moves this Court, in accordance with Fed. R. App. P. 10(e), to supplement the record on appeal with the videos that the defendants were charged with unlawfully creating and distributing, in violation of 18 U.S.C. § 48, and to place those videos under seal. As grounds for this motion, the government states as follows:

1.     This case concerns the constitutionality of 18 U.S.C. § 48, a statute that makes it unlawful to create or distribute "animal crush videos," materials depicting abuse to animals in a manner intended to appeal to the sexual interests of those with a particular sexual fetish. The government appeals from the district court's order finding Section 48 unconstitutional on its face and dismissing five counts of an indictment charging defendants with

violating the statute. The government's opening brief is due on August 23, 2013.

2.    In the proceedings before the district court, the defendants did not dispute that the videos they were charged with creating and distributing constituted "animal crush videos" as defined by Section 48; instead, as relevant here, they argued that "animal crush videos" as defined by the statute are protected by the First Amendment because they do no depict "sexual conduct" and therefore are not obscene under the obscenity standard set forth in *Miller v. California*, 413 U.S. 15 (1973). The district court agreed, concluding in relevant part that animal crush videos "depict violence, not sex organs or graphic sex acts," and that "no reasonable formulation of the term 'sexual conduct' can include making sexual noises while committing a violent, non-sexual act." Dkt. 40, at 12-14.

3.    A principal issue in this appeal is whether animal crush videos depict sexual conduct for purposes of the *Miller* obscenity standard. In deciding that issue, the Court might find it helpful to view the animal crush videos in this case. In fact, the Supreme Court was provided with samples of animal crush videos when deciding whether the prior version of Section 48 was facially valid in *United States v. Stevens*, 130 S. Ct. 1577 (2010). *See id.* at 1598

(Alito, J., dissenting) (noting that a "sample crush video" had been "lodged with the Clerk").

4.      Some of the videos were described at the defendants' detention hearing, and still photos from the videos were admitted into evidence at the hearing. *See* Dkt. 62, at 3, 16-20. In addition, the district court entered a protective order, sought jointly by the government and the defendants, requiring that the government turn over copies of the videos to counsel for the defendants and mandating that defense counsel (1) make no additional copies of the videos, (2) use the videos solely for trial preparation, (3) retain custody of the videos throughout the proceedings, and (4) return the videos to the government at the conclusion of the case. Dkt. 27.

5.      Although discussed at the detention hearing and provided to defense counsel, the videos are presently not part of the record on appeal. The government accordingly seeks to supplement the record on appeal with the videos.

6.      If the Court grants the government's request to supplement the record with the videos, copies of the videos will be delivered to the Court. Because the government believes the videos to be obscene, the government requests that the Court (1) maintain the videos under seal, and (2) destroy the

videos or return them to the government after the Court decides this case and either the time for filing a petition for a writ of certiorari expires or any proceedings in the Supreme Court come to an end.

7.     I have contacted counsel for defendants, and they do not assent to this motion.

For the foregoing reasons, the United States respectfully requests that this Court grant the government's motion to supplement the record on appeal with the aforementioned videos and to maintain those videos under seal in this Court.

Respectfully submitted,

 /s/John M. Pellettieri
JOHN M. PELLETTIERI
Attorney, U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave., N.W., Rm. 1264
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov

August 21, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system.  I further certify that appellees' counsel, Joyce A. Raynor and Philip G. Gallagher, are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

  /s/John M. Pellettieri
JOHN M. PELLETTIERI
Attorney, U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave., N.W., Rm. 1264
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov